```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN DOUGLAS JACKSON,<br><br>        Plaintiff,<br><br>  v.<br><br>J. GRONDOLSKY, et al.,<br><br>        Defendants. | Civil No. 09-5617 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES:**

John Douglas Jackson
4853 Old Route 50
Vienna, Maryland 21869
    *Pro Se*

David S. Cohen, Esquire
Kristy E. Fischer, Esquire
Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP
2070 Springdale Road
Suite 400
Cherry Hill, New Jersey 08003

Tobin A. Butler
Litchfield Cavo, LLP
1800 Chapel Avenue West
Suite 360
Cherry Hill, New Jersey 08002
    *Attorneys for Defendant Francis J. Sieber, O.D.*

**HILLMAN, District Judge**

    This matter comes before the Court by way of Defendant Francis J. Sieber,[1] O.D.'s motion [Doc. No. 28] to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure

---

1. Plaintiff incorrectly identified this Defendant in the complaint as "Dr. Seabur." (See Pl.'s Compl. [Doc. No. 1] ¶ 4.)

12(b)(6). The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant Sieber's motion is denied.

## I. JURISDICTION

In this case, Plaintiff asserts an Eighth Amendment claim for deliberate indifference, and a claim under the Federal Tort Claims Act. The Court exercises jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

## II. BACKGROUND

In its January 3, 2011 Memorandum Opinion and Order the Court previously set forth the lengthy background of this case including, but not limited to, the detailed procedural history of two related actions filed by Plaintiff, the Court's findings upon screening Plaintiff's complaint in one of the related actions, and the relevant factual allegations of the complaint filed in the present action. (See generally Mem. Order & Op. [Doc. No. 11] 2-18.) Accordingly, the Court sets forth herein only those facts relevant to the present motions.

At the time the complaint was filed, Plaintiff John Douglas Jackson was incarcerated at the Federal Correctional Institution

in Fort Dix, New Jersey ("FCI-Fort Dix").[2]  (Pl.'s First Am. Compl. [Doc. No. 1] (hereinafter, "Pl.'s Compl."), ¶ 1.)  In this case, Plaintiff essentially alleges that Defendants failed to provide him with adequate medical care regarding a previously diagnosed eye condition and that this failure ultimately resulted in the complete loss of sight in his left eye.  (See, e.g., Pl.'s Compl. ¶¶ 10-12, 17-21, 23-24, 29-30, 32-42.)  After screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court permitted "two narrowly-tailored lines of Plaintiff's claims ... to proceed past the sua sponte dismissal stage."  (Mem. Order & Op. [Doc. No. 11] 1.)

   Specifically, the Court permitted Plaintiff to proceed with his Eighth Amendment deliberate indifference claim against Dr. Sieber based on the alleged denial of, or excessive delay in receiving, prescribed eye medication and eye surgery.  (Id. at 24, 26.)  The Court also permitted Plaintiff's claims under the Federal Tort Claims Act to proceed past sua sponte dismissal.  (Id. 24-26.)  All of Plaintiff's remaining claims were dismissed with prejudice.  (Id. at 26.)  With regard to the deliberate indifference claim under the Eighth Amendment, the Court found that "Plaintiff's claims against Dr. [Sieber] asserting that Dr. [Sieber] denied (or excessively delayed) Plaintiff's requests for

---

2.  Since that time, Plaintiff has been released from custody and is "presently at home living in Maryland."  (Letter from Pl. [Doc. No. 57] 1.)

3

prescriptions or the dispensing of the already-prescribed medications and eye surgery appear[ed] plausible[.]"  (<u>Id.</u> at 24.)  Thus, the Court ordered that Plaintiff's "Eighth Amendment claims based on denial of prescribed eye medication and prescribed eye surgery" could proceed.  (<u>Id.</u> at 26) (internal parentheses omitted).  Furthermore, "out of an abundance of caution," the Court found it "warranted to proceed past the <u>sua sponte</u> dismissal stage and obtain responsive pleadings with regard to Plaintiff's FTCA challenges."  (<u>Id.</u> at 24-25.)

### III. **DISCUSSION**

Here, Defendant Dr. Sieber seeks dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  F<small>ED</small>. R. C<small>IV</small>. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks

---

3. Defendant Sieber does not move in the alternative for summary judgment.

4

"'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted). First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of'

5

the necessary element.") (citing <u>Twombly</u>, 550 U.S. at 556).  "The defendant bears the burden of showing that no claim has been presented."  <u>Hedges</u>, 404 F.3d at 750.

However, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." <u>Phillips</u>, 515 F.3d at 245; see also <u>Ray v. First Nat'l Bank of Omaha</u>, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."); <u>Burrell v. DFS Servs., LLC</u>, 753 F. Supp. 2d 438, 444 (D.N.J. 2010) ("When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. ... A claim may be dismissed with prejudice, however, if amending the complaint would be futile.") (citation omitted). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally because he is proceeding pro se."  <u>Huertas v. Galaxy Asset Mgmt.</u>, 641 F.3d 28, 32 (3d Cir. 2011) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

**IV.  <u>ANALYSIS</u>**

In moving to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Defendant Sieber argues that Plaintiff's claims fail

6

because Dr. Sieber "cannot be liable for [the] failure to refer Plaintiff to a specialist or for [the] failure of prison officials to provide Plaintiff [with] medication."  (Def. Francis J Sieber, D.O.'s Mot. to Dismiss Pl.'s Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 28] (hereinafter, "Def. Sieber's Mot."), 5.)  As a threshold matter, the Court must address an apparent misinterpretation of the Court's January 3, 2011 Memorandum Opinion and Order.

In the present motion, Defendant Sieber contends that the only allegations against Defendant Sieber which proceeded past sua sponte dismissal were "Plaintiff's Eighth Amendment Claims ... based on (1) failure to provide Plaintiff medication and (2) failure to act upon sending Plaintiff to a specialist[.]"  (Def. Sieber's Mot. 6) (citing Mem. Op. and Order [Doc. No. 11] 18 n.2, Jan. 3, 2011).  However, footnote two on page eighteen of the January 3, 2011 Memorandum Opinion and Order, cited by Defendant Sieber, constitutes a finding that the Court previously made in screening a different version of Plaintiff's complaint filed in another action captioned Jackson v. Grondolsky, Civil Action No. 09-1112 (NLH/AMD) ("Jackson I").  Footnote two of the January 3, 2011 Memorandum Opinion and Order in this action, Jackson v. Grondolsky, Civil Action No. 09-5617 (NLH/KMW) ("Jackson II") is merely a replication of footnote eight of the Court's August 11, 2009 Memorandum Opinion and Order screening the operative

7

complaint in Jackson I.  (Compare Mem. Op. and Order [Doc. No. 11 in Jackson II] 18 n.2, Jan. 3, 2011, with Mem. Op. and Order [Doc. No. 7 in Jackson I] 26 n.8.)  Accordingly, footnote two of the January 3, 2011 Memorandum Opinion and Order in Jackson II is part and parcel of a quotation from the August 11, 2009 Memorandum Opinion and Order in Jackson I.

The multiple page quotation from the August 11, 2009 Memorandum Opinion and Order, which includes footnote two, was simply cited by the Court to compare the claims raised by Plaintiff in Jackson I with those raised by Plaintiff in Jackson II.  Thus, footnote two does not constitute a finding regarding the claims of the operative complaint in Jackson II.  The Court's January 3, 2011 Memorandum Opinion and Order screened the operative complaint in the present action, Jackson II, and allowed Plaintiff's Eighth Amendment claim for deliberate indifference to proceed against Defendant Sieber based on Defendant Sieber's alleged denial of prescribed eye medication and prescribed eye surgery.  (Mem. Op. and Order [Doc. No. 11] 26, Jan. 3, 2011.)  Accordingly, Defendant Sieber's arguments regarding a failure to refer Plaintiff to a specialist are not applicable here since no such claim survived sua sponte dismissal in this action, Jackson II.  Thus, for purposes of this motion, the Court interprets Defendant Sieber's argument regarding the referral to a specialist as Defendant's attempt to explain the

alleged denial or delay of eye surgery.  (Def. Sieber's Mot. 1-2) (noting that Eighth Amendment claim based in part on "referral to a specialist for eye surgery" survived sua sponte dismissal)

    Having addressed this threshold issue, the Court now turns to Defendant Sieber's motion to dismiss.  Generally, Defendant Sieber argues that he cannot be held liable and Plaintiff's claims against him should be dismissed because, pursuant to regulations of the Federal Bureau of Prisons ("BOP"), Defendant Sieber "did not have the authority to provide Plaintiff with medication or the authority to send him for a referral to a specialist."  (Def. Sieber's Mot. 6-7; see also id. at 7-12.)  In making this argument, Defendant Sieber relies on three "Program Statements" issued by the BOP, which are attached as Exhibits A, B, and C to the motion to dismiss.  (See Program Statements, Exs. A-C [Doc. Nos. 29, 29-1, 29-2] to Def. Sieber's Mot.)

    Defendant Sieber contends that "[b]ased on the ... Federal BOP's Program Statements ... Plaintiff's complaint against Dr. Sieber fails because Dr. Sieber (1) was not responsible for Plaintiff having sufficient eye drops for the transfer [to FCI-Fort Dix], (2) was not responsible for Plaintiff's receiving additional prescription eye drops upon his transfer into Fort Dix when he was not even a patient of Dr. Sieber and (3) did not have ultimately authority to prescribe or dispense prescription eye drops to Plaintiff."  (Def. Sieber's Mot. 12.)  To support these

9

contentions, Defendant Sieber cites to the BOP Program Statements attached as Exhibits A, B, and C approximately twenty-one separate times throughout the motion to dismiss.  (See Def. Sieber's Mot. 7-11.)

"The general rule, of course, is that 'a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.'"  West Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 n.6 (3d Cir. 2010) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).  Pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).

An exception to the general rule on considering matters extraneous to the pleadings permits "the Court [to] consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment."  D.G. v. Somerset Hills School Dist., 559 F. Supp. 2d 484, 491 (D.N.J. 2008); see also M & M Stone Co. v. Pennsylvania, 388 F. App'x 156, 162 (3d Cir. 2010) ("In reviewing a Rule 12(b)(6) motion, it is well-established that a court should 'consider only the allegations in the complaint, exhibits attached to the complaint, matters of public

record, and documents that form the basis of a claim.'") (citation omitted).  Additionally, "a court may [also] consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

In the present motion, Defendant Sieber asserts that "evidence beyond a complaint which the court may consider in deciding a 12(b)(6) motion to dismiss includes ... documents essential to plaintiff's claim which are attached to defendant's motion[.]"[4] (Def. Sieber's Mot. 4.)  Therefore, according to Defendant Sieber, "it is appropriate" for the Court to consider the policies set forth in the BOP Program Statements in deciding the motion to dismiss.  (Id.)  Although the Court may consider undisputedly authentic documents attached to a motion to dismiss

---

4. Defendant Sieber notes that a court may also properly consider public records such as court files, orders, records, and letters of official actions or decisions of government agencies or administrative bodies. (Def. Sieber's Mot. 4.)  However, the Court finds that the BOP Program Statements at issue do not qualify as public records since these documents are clearly not court files, orders, or records. Moreover, while the BOP Program Statements may constitute a set of regulations created by the BOP, these documents cannot fairly be said to constitute official actions or decisions of a government agency or administrative body, in a manner analogous to other public records like court orders.  Defendant Sieber does not argue otherwise with respect to these documents.  Accordingly, it appears to the Court that Defendant Sieber is relying on the assertion that the Court may consider undisputedly authentic documents attached to the motion to dismiss which are essential to a plaintiff's claim.  (Id.)

11

where a plaintiff's claims are based on those documents, Defendant Sieber fails to sufficiently demonstrate the authenticity of these documents by virtue of a certification, declaration, or otherwise.  Moreover, even if the Court were to presume the authenticity of the BOP Program Statements, Defendant Sieber still fails to sufficiently demonstrate or explain how Plaintiff's Eighth Amendment claims for deliberate indifference -- a claim alleging a constitutional violation – is in any way based on these BOP Program Statements.[5]  In these circumstances, the BOP Program Statements attached to the motion to dismiss do not fall within any of the exceptions set forth <u>supra</u> such that the Court may properly consider them under Rule 12(b)(6).

 Where a motion to dismiss is based upon documents that may not properly be considered under Rule 12(b)(6), the Court "may either deny the motion or convert it into a motion for summary judgment, providing the parties with a schedule for submission of statements in compliance with Local Civil Rule 56.1, supplemental

---

5.  Plaintiff does allege in the complaint that "the medical care system [at FCI-Fort Dix was] inadequate and ineffective to provide medical care in accordance with Policy 6000.13[.]" (Pl.'s Compl. ¶ 26.)  However, the Court finds that this minor, passing reference to what the Court can only speculate is a BOP policy is insufficient to demonstrate that Plaintiff's Eighth Amendment claim for deliberate indifference is based upon that policy.  Moreover, even assuming that such a reference was sufficient, the Court notes that the policy referenced by Plaintiff does not appear to be the same as those referred to in the BOP Program Statements attached to the motion to dismiss.  Therefore, the Court finds that Plaintiff's claims are not based on the BOP Program Statements, but rather on the Eighth Amendment.

briefs, and any supplemental evidence they deem necessary." Dix v. Total Petrochemicals USA, Inc., No. 10-3196, 2011 WL 2474215, at *2 (D.N.J. June 20, 2011). Although "[a] court deciding a motion to dismiss has the discretion to accept materials beyond the pleadings and then convert the motion into one for summary judgment[,]" see Telfair v. Tandy, No. 08-731, 2009 WL 2132433, at *3 (D.N.J. July 13, 2009) (citing Gunson v. James, 364 F. Supp. 2d 455, 460-61 (D.N.J. 2005)), the Court must first provide the parties with notice before converting the motion so that they are "given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). Specifically, in the context of a pro se prisoner, the Third Circuit previously held, that "before converting a motion to dismiss a pro se prisoner's complaint into one for summary judgment, [the district court] must provide the prisoner 'with a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit.'" Breeland v. Baker, 439 F. App'x 93, 95 (3d Cir. 2011) (citing Renchenski v. Williams, 622 F.3d 315, 340 (3d Cir. 2010)).

 Here, Defendant Sieber's motion to dismiss is based on documents that cannot be considered under Rule 12(b)(6). Thus, if the Court were to consider the BOP Program Statements in deciding the instant motion to dismiss, the Court would have to

13

convert this motion to one for summary judgment under Rule 56. While the Court could, in its discretion, convert the motion to dismiss into one for summary judgment, the Court did not previously give Plaintiff notice of any intention to convert this motion, and thus the requirements of Renchenski[6] have not been satisfied in this instance.  Moreover, Defendant's motion was not styled as alternatively seeking summary judgment, and thus Plaintiff similarly was not on notice regarding any potential conversion of the motion to dismiss.[7]  Accordingly, in light of these circumstances, the Court denies Defendant Sieber's motion to dismiss.

**V.   CONCLUSION**

For the foregoing reasons, Defendant Sieber's motion to dismiss is denied.  An Order consistent with this Opinion will be entered.

Dated: December 23, 2011           /s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

6. Although Plaintiff is no longer incarcerated, the Court concludes that because he was a prisoner at the time his complaint was filed and his allegations relate to his treatment as a prisoner at FCI-Fort Dix, the Third Circuit's conversion notice requirements set forth in Renchenski are still applicable to Plaintiff, who is still proceeding pro se in this case.

7. See Serbin v. Consolidated Rail Corp., 140 F. App'x 336, 337 n.1 (3d Cir. 2005) (finding plaintiff "knew that the motion could be treated as one for summary judgment" where defendant filed a "'motion to dismiss, or in the alternative, for summary judgment[.]'") (citing Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996)).

14